D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ADAM STARKE, on his behalf individually and on
behalf of all other persons similarly situated,

                Plaintiff,

-against-

UNITED PARCEL SERVICE, INC., also known as United
Parcel Service Co., also known as United Parcel General
Services Co.,

                Defendant.

-----------------------------------------------------------------X

**ORDER**

**10-CV-1225 (NGG) (VMS)**

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is a motion by Adam Starke to reconsider the court's memorandum and order dated September 25, 2012. The motion is DENIED.

The standard for granting motions for reconsideration is "strict." Schrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995). They may be granted (1) if the court overlooks critical facts; (2) if it overlooks controlling decisions that could have changed its decision, see id.; (3) in light of an intervening change in controlling law; (4) in light of new evidence; (5) to correct clear error; or (6) to prevent manifest injustice, see Virgin Atl. Airways v. Nat'l Mediation Bd., 965 F.2d 1245, 1255 (2d. Cir. 1992).

Starke alludes to, but does not in fact base his motion on, these grounds. Instead he raises again three arguments that the court has already rejected.

First, Starke argues that, in construing the relevant contract, the court overlooked allegations in the Complaint about ceratin language on UPS's website. (See Mot. for Reconsid.

1

(Docket Entry # 65) at 2-3.) This is incorrect. The court noted that this language was referenced in the Complaint (see Mem & Order of Sept. 25, 2012 (Docket Entry # 63) at 4), but dismissed it as irrelevant because: (1) Starke did not sufficiently plead the existence of any binding contract other than the UPS Tariff/Terms and Conditions of Service for Package Shipments in the United States ("Tariff") (see id. at 5); and (2) there was no need—nor authority—for the court to consider material outside of the Tariff (see id. at 12 ("The language of the Tariff is unambiguous.")).

Second, Starke argues that the modification of the word "disruptions" in § 49.3 of the Tariff ought to be imputed to the word "disruptions" as it is used in § 47.2 of the Tariff; or, at least, that such modification gives rise to ambiguity. (See Mot. for Reconsid. at 3-4.) Starke raised this exact argument in his opposition to UPS's motion to dismiss, and it was rejected. (See Mem & Order at 14.)

Finally, Starke claims that the court "appears to have overlooked" various cases related to force majeure clauses. (See Mot for Reconsid. at 4-5.) On the contrary, the court reviewed all of these cases an none of them effect the court's conclusion that New York law does not require the court to impose an unforeseeability requirement on parties to a contract they have not agreed to one. (See Mem & Order at 13.) Moreover, as the court pointed out, if such a rule did exist, it would be likely preempted under American Airlines, Inc. v. Wolens, 513 U.S. 219 (1995).

Starke's motion for reconsideration is borderline frivolous. It poses exactly the problem that Schrader and Virgin Atlantic seek to avoid. The court has been forced to expend scarce judicial resources addressing issues that it has already resolved. When Starke challenges the court's determination that the relevant language of Tariff is unambiguous by arguing that the

court "overlooked" one of countless cases defining "ambiguity" for the purpose of contract interpretation, he makes a mockery of the Schrader-Virgin standard.

The motion is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
      October 4, 2012

      /S/ Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge